*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* L J L BURNEY, Minor.

UNPUBLISHED
June 29, 2023

No. 363843
Macomb Circuit Court
Family Division
LC No. 2021-000093-NA

Before: MARKEY, P.J., and JANSEN and K. F. KELLY, JJ.

PER CURIAM.

Respondent appeals by right the trial court's order terminating her parental rights to the minor child, LJLB, under MCL 712A.19b(3)(g) (failure to provide proper care or custody), (j) (reasonable likelihood child will be harmed if returned to parent), (i) (rights previously terminated to another child for serious and chronic abuse and neglect), and (*l*) (rights to another child were voluntarily terminated after neglect proceedings were commenced). We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Respondent's parental rights to two other children were previously terminated in December 2020, primarily because of physical abuse, neglect, and an inability to benefit from a parent-agency agreement. When respondent gave birth to LJLB in April 2021, he was immediately removed from her care because of her history with children's protective services, her failure to obtain prenatal care, and her mentally unstable behavior in the hospital. During the next year, LJLB lived with a foster family who were also caring for his half-siblings. Respondent exercised once weekly supervised visitation. The case moved slowly as LJLB's father, who lived in Florida, attempted to obtain custody of the child.

On May 10, 2022, at the adjudication, respondent pleaded no contest to the allegations in a second amended petition for termination, thereby establishing the trial court's jurisdiction. Respondent also stipulated to the existence of the statutory grounds for termination, solely leaving for resolution whether the termination of respondent's parental rights was in LJLB's best interests. The trial court held an evidentiary best-interests hearing on August 31, 2022. After considering all the evidence and testimony provided by the parties, the trial court concluded that it was in LJLB's best interests to terminate respondent's parental rights. This appeal followed.

-1-

## II. BRIEF OVERVIEW OF CHILD PROTECTIVE PROCEEDINGS

To give context to our discussion and analysis, we shall provide a brief overview of child protective proceedings in Michigan. The proceedings consist of an adjudicative phase followed by a dispositional phase. *In re Ferranti*, 504 Mich 1, 15-16; 934 NW2d 610 (2019). "The question at adjudication is whether the trial court can exercise jurisdiction over the child (and the respondents-parents) under MCL 712A.2(b) so that it can enter dispositional orders, including an order terminating parental rights." *Id.* at 15. A trial court can exercise jurisdiction if a respondent enters a plea of admission or no contest with respect to the allegations in a petition, or if the petitioner proves the allegations at a trial by a preponderance of the evidence. *Id.* "Once the trial court's jurisdiction is established, the case moves to the dispositional phase." *Id.* at 16. During the dispositional phase, the court has broad authority to enter various orders and hold review hearings. *Id.* If, upon authorization by the trial court, the petitioner pursues a termination petition, the court, as factfinder, will conduct a termination hearing as part of the dispositional phase. *Id.* At the hearing, if the trial court finds that a single statutory ground for termination under MCL 712A.19b(3) has been proven by clear and convincing evidence and that the petitioner has also established by a preponderance of the evidence that termination of parental rights is in the best interests of a child, MCL 712A.19b(5), the court is mandated to terminate the respondent's parental rights to the child. *Id.*; *In re Mota*, 334 Mich App 300, 320; 964 NW2d 881 (2020).

## III. THE STIPULATION

Respondent first argues on appeal that the trial court committed clear error by not ensuring that respondent's stipulation to the statutory grounds for termination under MCL 712A.19b(3)(g), (j), (i), and (*l*) was knowing and voluntary. Respondent contends that she did not speak during the stipulation, that she was not informed by the court that a clear-and-convincing-evidence standard applied in relation to petitioner's burden of proof in regard to the statutory grounds, that she was not told that under the stipulation, petitioner needed only to prove by a preponderance of the evidence that termination was in the child's best interests, and that the court's failures constituted a violation of respondent's due-process rights. Although not contained in a statement of the questions presented on appeal, respondent also maintains that counsel was ineffective for failing to confirm on the record that respondent was making an informed decision, i.e., a knowing and voluntary decision, with respect to the stipulation to the statutory grounds for termination. Respondent argues that the trial court's error and counsel's defective performance resulted in an unconstitutional waiver of her fundamental liberty interest to parent her child. We note that respondent makes no claim that she would not have stipulated to the statutory grounds for termination had she been properly advised by the trial court.

Respondent's no-contest plea to the allegations in the termination petition for purposes of adjudication was in compliance with the requirements of MCR 3.971, and there is no argument to the contrary. Indeed, our review of the record indicates that the trial court meticulously obtained a valid waiver from respondent relative to her rights connected to the adjudicative phase of the proceedings. The trial court, apparently thinking that it had fully covered the no-contest plea to the exercise of jurisdiction *and* a stipulation to the statutory grounds for termination with respect to the dispositional phase, began discussing a date to hold a best-interests hearing. Petitioner interjected in an attempt to clarify the record, resulting in the following colloquy:

[*Petitioner*]: And—and, your Honor, just so that we can be clear, because I want the record to be clear, that not only is [respondent] pleading no contest to the allegations in the petition for purposes of adjudication, but also stipulating that they would make a factual basis for the statutory grounds that are listed in the petition . . . .

*The Court*: All right. Is that correct?

[*Counsel*][1]: Yes, your Honor.

*The Court*: Okay. It should be so stipulated then that they're—that—or so ordered that the plaintiff is now—sorry. The [respondent] is now stipulating to use those factors towards making a determination that she's stipulating to the amended petition for purposes of the best interest trial and adjudication.

[*Petitioner*]: And—

*The Court*: And use that as a basis for statutory grounds.

[*Petitioner*]: Your Honor, I guess I should say that it should be specifically—and I'll make sure that it's in the order—that it's—she's pleading for purposes of adjudication and statutory grounds only.

*The Court*: Okay.

[*Petitioner*]: And we'll be setting it for a best interest hearing.

*The Court*: Gotcha. Okay. So that's what the Court's prepared to do today. Any objections to that?

[*L-GAL*]: No.

[*Petitioner*]: And Counsel, is that your understanding?

[*Counsel*]: That's correct.

*The Court*: Okay.

[*Counsel*]: That's my understanding.

*The Court*: All right. I probably muddled that with my wording.

---

[1] We shall refer to respondent's attorney as "Counsel" for purposes of this colloquy.

Respondent was not questioned in relation to the stipulation to the statutory grounds for termination under MCL 712A.19b(3), and she was not informed that she was waiving her right to have petitioner prove at least one of the statutory grounds for termination by clear and convincing evidence at a termination hearing. Respondent was also not told that petitioner now only needed to establish by a preponderance of the evidence that termination of respondent's parental rights was in the child's best interests. We note that at an earlier hearing in the proceedings, the trial court did advise respondent that if a termination hearing occurred in the future, petitioner would have to prove a statutory ground for termination by clear and convincing evidence along with proving by a preponderance of the evidence that termination was in the child's best interests. We further note that an order entered by the court following the stipulation indicated that there was clear and convincing evidence of the statutory grounds for termination as established by respondent's no-contest plea. Respondent, however, made no attempt thereafter to withdraw the plea or stipulation, and the case proceeded to a best-interests hearing.

A waiver of constitutional rights must be voluntary and knowing and reflect an intelligent act done with full awareness of the pertinent circumstances and likely direct consequences. *In re Pederson*, 331 Mich App 445, 464; 951 NW2d 704 (2020). "The clearly erroneous standard shall be used in reviewing the court's findings on appeal from an order terminating parental rights." MCR 3.977(K). But "[w]hether child protective proceedings complied with a parent's right to procedural due process presents a question of constitutional law, which we review de novo." *In re Sanders*, 495 Mich 394, 403-404; 852 NW2d 524 (2014).

Given that respondent's counsel affirmatively voiced agreement to the stipulation to the statutory grounds as presented and discussed on the record, we first conclude that respondent's argument challenging the validity of the stipulation was waived. See *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (waiver is the intentional relinquishment of a known right; one who waives her rights may not then seek appellate review of a claimed deprivation of those rights because the waiver has extinguished any error). Counsel cannot harbor error in the lower court and then use that error as an appellate parachute. *People v Kowalski*, 489 Mich 488, 505; 803 NW2d 200 (2011). Minimally, respondent's argument was not preserved for appeal. See *Pederson*, 331 Mich App at 462 (the plain-error standard applies to unpreserved claims of error arising out of child-protective proceedings).[2] Under plain-error review, reversal is warranted only when a plain error, i.e., a clear or obvious error, affected substantial rights by prejudicing a respondent and the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *Ferranti*, 504 Mich at 29-30; *Pederson*, 331 Mich App at 463. Respondent also bootstraps a claim of ineffective assistance of counsel, which requires a demonstration that counsel's performance was deficient, falling below an objective standard of reasonableness, and that prejudice was incurred. *Mota*, 334 Mich App at 311. Prejudice occurs when an error affected the outcome of the lower court proceedings. *Pederson*, 331 Mich App at 463.

---

[2] The *Pederson* panel found that the respondents failed to preserve an argument challenging adjudication pleas where they did not move to withdraw their pleas in the trial court or otherwise object to the advice of rights that they were given. *Pederson*, 331 Mich App at 462-463.

We proceed here on the assumption that respondent's argument was forfeited and not waived, that the trial court committed plain error by failing to advise respondent of her rights relative to a termination hearing and the burdens of proof, and that her counsel's performance was deficient for failure to object or raise an issue with respect to the advisement and waiver of respondent's rights. As such, the critical question—in regard to plain-error or ineffective-assistance analysis—is whether respondent was prejudiced, i.e., whether the court's error or deficient performance affected the outcome of the proceedings.

We conclude that there was no prejudice to respondent. First, in earlier proceedings concerning LJLB and before the stipulation was entered, respondent was informed by the trial court of the evidentiary burdens that petitioner must satisfy to terminate parental rights in the dispositional phase. Second, respondent previously had her parental rights terminated to two other children; therefore, she necessarily had familiarity with the process and petitioner's evidentiary burdens. Third, the trial court entered an order before the best-interests hearing memorializing the stipulation to the statutory grounds and acknowledging the application of the clear-and-convincing-evidence standard, yet respondent proceeded to the best-interests hearing without voicing any protest or attempting to withdraw her plea to the statutory grounds. Finally, and importantly, respondent *does not even argue* that she was prejudiced or that the errors were outcome-determinative. Respondent does not claim that had she been informed of the evidentiary burdens, she would not have stipulated to the statutory grounds for termination under MCL 712A.19b(3). Accordingly, we hold that reversal is unwarranted.

IV. BEST INTERESTS

Respondent argues that the trial court clearly erred by ruling that termination of her parental rights was in LJLB's best interests. In support, respondent contends that she had stable employment, that she resided in appropriate housing, that she completed parenting and anger management classes, that she attended individual therapy, that there was a strong bond between her and the child, that terminating her parental rights would not provide LJLB with stability and permanency because the child was going to be placed with his father in Florida and not the foster family, and that the trial court failed to consider LJLB's relative placement with his father when assessing the child's best interests.

Petitioner had to prove by a preponderance of the evidence that termination of respondent's parental rights was in the child's best interests, and the trial court's finding that the burden was met is reviewed for clear error. *Mota*, 334 Mich App at 320. A finding is clearly erroneous when the reviewing court has a definite and firm conviction that a mistake was made. *Id.* "When applying the clear error standard in parental termination cases, regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *Id.* The *Mota* panel discussed the best-interests analysis, stating as follows:

> With respect to a child's best interests, we focus on the child rather than the parent. In assessing a child's best interests, a trial court may consider such factors as a child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's

-5-

visitation history with the child, the children's well-being while in care, and the possibility of adoption. The trial court may also consider how long the child was in foster care or placed with relatives, along with the likelihood that the child could be returned to the parents' home within the foreseeable future, if at all. [*Id.* at 321 (quotation marks, citations, and brackets omitted).]

The trial court found that the testimony of a foster-care worker was credible and that respondent was "less credible than the worker and . . . her answers appeared performative at times." The court observed that LJLB was thriving with his foster family and that the testimony by the foster-care worker demonstrated that the child was "in a loving, safe, stable, and nurturing placement where all of his needs [were] being met." The trial court noted that LJLB had bonded with his foster mother and siblings, whom he had been with for over a year and a half. The court believed the foster-care worker's testimony about respondent's aggressive, hostile, and uncooperative behavior directed toward caseworkers throughout the proceedings, which respondent acknowledged and tried to excuse on the basis that she was in a stressful situation. The trial court also referred to respondent's mental instability, indicating that she continuously prioritized her desires instead of providing for the child's basic needs. The trial court further found that although a bond was beginning to develop between respondent and LJLB, the developing bond did not overcome respondent's "inability to demonstrate progress in her capacity to properly care for her young child." The court doubted that respondent would comply with or benefit from any parent-agency agreement or services "in light of her historical behavior." The trial court concluded that petitioner established by a preponderance of the evidence that termination of respondent's parental rights was in the child's best interests.

On clear-error review and given that we defer to the trial court's credibility assessments, we hold that the court did not clearly err in finding by a preponderance of the evidence that termination of respondent's parental rights was in LJLB's best interests. We are not left with a firm and definite conviction that a mistake was made. The trial court's specific findings in support of its best-interests determination were supported by the record. But we must discuss further a couple of points argued by respondent with respect to the child's father, relative placement, and the foster family. In *In re Olive/Metts*, 297 Mich App 35, 43; 823 NW2d 144 (2012), this Court discussed the topic of placement with relatives:

[B]ecause a child's placement with relatives weighs against termination under MCL 712A.19a(6)(a), the fact that a child is living with relatives *when the case proceeds to termination* is a factor to be considered in determining whether termination is in the child's best interests. Although the trial court may terminate parental rights in lieu of placement with relatives if it finds that termination is in the child's best interests, the fact that the children are in the care of a relative at the time of the termination hearing is an explicit factor to consider in determining whether termination was in the children's best interests. A trial court's failure to explicitly address whether termination is appropriate in light of the children's placement with relatives renders the factual record inadequate to make a best-interest determination and requires reversal. [Quotation marks and citations omitted; emphasis added.]

"[A] child's placement with relatives weighs against termination." *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010).

Although LJLB's father, who was living in Florida, was apparently in the process of obtaining physical custody of the child, LJLB was still living with his foster family at the time of termination. Moreover, "a child's biological parent is not that child's 'relative' for purposes of the statute," and thus the rule stated in *Mason* and *Olive/Metts* does not apply to a biological parent. *Mota*, 334 Mich App at 322. Accordingly, in this case, we reject respondent's argument that the child was placed with a relative, his father, which weighed against termination. We do opine that the trial court's discussion of how LJLB was thriving in a stable environment with his foster family was somewhat questionable because the child will probably end up with his father and not the foster family. Nevertheless, we find it clear that the trial court would have similarly ruled absent consideration of the foster family because of the court's various concerns about respondent's conduct and behavior, and it plainly was of the view that respondent could not provide the child with permanency and stability. Moreover, as already noted, at the time of termination, LJLB was still residing with his foster family, and any consideration of the child's life with his father would necessarily have entailed some level of conjecture and speculation.

We affirm.


/s/ Jane E. Markey
/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly

-7-